UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:   Case No. **08-24189 BKC AJC**

Chapter **13**

**Raul Ernesto Aguilar**

_____Debtor_____/

## APPLICATION TO WITHDRAW UNCLAIMED FUNDS

Applicant, **Adams & Cohen**, applies to this court for entry of an order directing the clerk of the court to remit to the applicant the sum of **$3,216.11**, said funds having been deposited into the Treasury of the United States pursuant to 28 U.S.C. §2041 as unclaimed funds held in the name of **Lasalle Bank National Association** Applicant further states that:

1. (Indicate one of the following items:)

___ Applicant is the individual listed in the "Notice of Deposit of Funds with the U.S. Bankruptcy Court Clerk" under whose name these funds were deposited and states that no other application for this claim has been submitted by or at the request of this applicant. If funds were deposited in the names of both husband and wife, both must sign this application, or if one spouse is requesting release of funds in the name of that spouse only, applicant must attach a notarized affidavit stating why the funds should be released to only one spouse and not in the name of both. Also attached is a copy of an official government photo id of applicant to prove applicant's identity.

___ Applicant is either a family member or other authorized personal representative of an incapacitated or deceased individual in whose name funds were deposited or a successor in interest to the individual or business under whose name the funds were deposited. **An original "power of attorney" conforming to the Official Bankruptcy Form and/or other supporting documents, including probate documents which indicate applicant's entitlement to this claim are attached and made a part of this application.** Also attached is a copy of an official government photo id of applicant to prove applicant's identity.

___ Applicant is the duly authorized representative for the business or corporation listed in the "Notice of Deposit of Funds with the U.S. Bankruptcy Court Clerk" under whose name these funds were deposited. Applicant has reviewed all applicable records and states that no other application for this claim has been submitted by or at the request of this claimant. **A Local Form "Affidavit of Claimant" (LF-28) and duly executed corporate power of attorney are attached and made a part of this application.**

___ Applicant is an attorney or a "funds locator" who has been retained by an individual or business or corporation under whose name the funds were deposited. Applicant has obtained an original "power of attorney" from the individual claimant or the duly authorized representative for the business or corporation named as the claimant in the notice of deposit of funds into the court. **An original "power of attorney", conforming to the Official Bankruptcy Form and a Local Form "Affidavit of Claimant" (LF-28) are attached and made a part of this application.**

_X_ Applicant is an attorney or a "funds locator" who has been retained by the debtor in this case to claim funds deposited in the name of another individual or business or corporation. Applicant has obtained and attached to this application an original "power of attorney" from the debtor (if joint case, both debtors) who are seeking to claim these funds. Applicant has also attached to this application a notarized affidavit from the debtor detailing debtor's right to the funds deposited in the name of the creditor and has attached copies of any exhibits to substantiate this right. Also attached is a copy of an official government photo id of the debtor to prove debtor's identity. The applicant has also attached a certificate of service reflecting that a copy of this application and required attachments has been served on the creditor whose funds the debtor is seeking to claim and on the trustee who deposited the funds with the clerk of court. If this is a joint debtor case, both husband and wife must sign the power of attorney, or if one spouse is requesting release of funds in the name of that spouse only, applicant must attach a notarized affidavit stating why the funds should be released to only one spouse and not in the name of both.

___ Applicant is the debtor seeking to claim funds deposited in the name of another individual or business or corporation. Applicant has attached to this application a sworn affidavit detailing debtor's right to the funds deposited in the name of the creditor and has attached copies of any exhibits to substantiate this right. Also attached is a copy of an official government photo id of applicant to prove debtor's identity. The debtor has also attached a certificate of service reflecting that a copy of this application and required attachments has been served on the creditor whose funds the debtor is seeking to claim and on the trustee who deposited the funds with the clerk of court. If this is a joint case, both husband and wife must sign this application, or if one spouse is requesting release of funds in the name of that spouse only, applicant must attach a notarized affidavit stating why the funds should

be released to only one spouse and not in the name of both.

2. Applicant has made sufficient inquiry and has no knowledge that this claim has been previously paid, that any other application for this claim is currently pending before this court, or that any party other than the applicant is entitled to submit an application for this claim.

3. Applicant has provided notice to the U.S. Attorney pursuant to 28 U.S.C. §2042.

Dated: 6-29-09

**Raul Ernesto Aguilar**
Name Under Which Funds Were Deposited

1
Claim Number

**Lasalle Bank National Association**
Name of Party On Whose Behalf Application Was Filed*

Address: **1851 NW 32nd Avenue**

**Miami, FL 33125**

Signature of Applicant
(Note: In addition to signing, complete all information below)

Last Four Digits of SS# _____

Tax ID (EIN #)___**2751**_____

**Jairo A. Camargo/ Manager**
Print Name and Title of Applicant

**Adams & Cohen**
Print Company Name
**P.O. Box 546293**
Print Street Address

**Miami Beach, FL 33154**
Print City and State

**(888) 978-9990**
Telephone (including area code)

*Attach copy of official government photo id for all parties on whose behalf this application is being filed.

Sworn to and Subscribed before me on 6/29/09

NOTARY PUBLIC, AT LARGE
STATE OF **Florida**

Oslenys B. Alba
COMMISSION # DD665304
EXPIRES: MAY 13, 2011
WWW.AARONNOTARY.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                    Case No. *08-24189 BKC AJC*

*RAUL ERNESTO AGUILAR*            Chapter *13*

_____Debtor___/

## AFFIDAVIT OF CLAIMANT

1. *RAUL E. AGUILAR*_____, am (indicate status of claimant)

( ) the individual creditor (or authorized personal representative of the individual creditor) in whose name funds were deposited with the court who has granted a power of attorney to __**Adams & Cohen**_____,
a "funds locator" or attorney to submit an application to withdraw unclaimed funds on my behalf; or

( ) the duly authorized representative for the claimant "business" _____
_____; or

(X) the debtor claiming funds deposited in the name of a creditor in this case who has granted a power of attorney to **Adams & Cohen**_____,
a "funds locator" or attorney, to submit an application on my behalf; or

( ) the debtor claiming funds deposited in the name of the debtor in this case who has granted a power of attorney to **Adams & Cohen**_____,
a "funds locator" or attorney, to submit an application on my behalf; or

( ) the duly authorized representative for claimant "business" as indicated in the attached corporate power of attorney who has granted a power of attorney to **Adams & Cohen**_____ a "funds locator" or attorney, to submit an application to withdraw unclaimed funds on my behalf;

and I am seeking payment of unclaimed funds in the amount of *$3,216.11* deposited in this court in the name of *LASALLE BANK NATIONAL ASSOC* and representing claim number ___*1*___ (if no claim was filed write "scheduled" in blank space).

2. Claimant History: Substantiate claimant's right to funds, including but not limited to documents relating to sale of company, i.e. purchase agreements and/or stipulation by prior and new owner as to right of ownership of funds. Attach certified

government photo id to prove your identity.

3. I (or the "business" I represent as claimant) have neither previously received remittance for these funds nor have contracted with any other party other than the person named as a "funds locator" or attorney in paragraph one above to recover these funds.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: 6-25-09

_Raul G_____
signature of claimant or representative of "business" claimant

_RAUL E. AGUILAR_____
print name

_DEBTOR_____
title

_1213_____
Last Four Digits of Social Security # or Tax ID# (EIN #)
(Note: attach a copy of an official government photo id such as a driver's license or passport")

_1851 NW 32 AVE., MIAMI, FL 33125_
address

_(305) 588-0048_
Phone number

_____
signature of joint debtor (if applicable)

_____
print name

_____
Last Four Digits of Social Security # or Tax ID# (EIN #)
(Note: attach a copy of an official government photo id such as a driver's license or passport")

Sworn to and Subscribed before me
on   6-25-09   .

_____
NOTARY PUBLIC, AT LARGE

STATE OF   FLORIDA  

Jairo Camargo
COMMISSION # DD719652
EXPIRES: NOV. 04, 2011
WWW.AARONNOTARY.com

LF-28 (rev. 06/02/08)                          Page 2 of 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              Case No. **08-24189 BKC AJC**

                                                    Chapter 13

**Raul Ernesto Aguilar**


_____ Debtor _____/


      The Debtor's case was dismissed on **March 12, 2009**.

The Creditor, **Lasalle Bank National Association** returned the Debtor's payments to the Trustee.

      The Creditor, **Lasalle Bank National Association** is in the process of foreclosing the Debtor's property located at 1851 NW 32nd Avenue, Miami, FL 33125 and has scheduled a foreclosure sale for November 5, 2009.

      The Debtor is requesting that this Honorable Court return to him **$3,216.11** now held by this Court as Unclaimed Funds, which he paid to the Creditor during his bankruptcy proceedings and the Creditor as of this date, has refused to accept.

      The Creditor, **Lasalle Bank National Association** was properly served with a copy of this Application To Withdraw Unclaimed Funds.

      The Debtor requested the services of **Adams & Cohen**, a "funds locator" firm to file this Application To Withdraw Unclaimed Funds on his behalf.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  Case No. **08-24189 BKC AJC**
 Chapter **13**

**Raul Ernesto Aguilar**

_____ Debtor _____/

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true copy of the attached Application To Withdraw Unclaimed Funds was mailed via first class U.S. Postal Service to the following:

**United States Trustee**
**Nancy N. Herkert**
P.O. Box 279806
Miramar, FL 33027

**U.S. Attorney**
51 SW 1st Avenue
Miami, FL 33130

**Lasalle National Bank Association**
**Wilshire Credit Corporation**
P.O. Box 8517
Portland, OR 97207

**Wilshire Credit Corporation**
P.O. Box 1650
Portland, OR 97207

**Patrick L. Cordero, Esq.**
198 NW 37th Avenue
Miami, FL 33125

Date: 6-29-09

Jairo A. Camargo, Attorney in Fact
**Adams & Cohen, LLC**
P.O. Box 546293
Miami Beach, FL 33154
(888) 978-9990

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                                                    Case No. 08-24189 BKC AJC

RAUL ERNESTO AGUILAR

                                                                                           Chapter 13

_____Debtor  /

## AFFIDAVIT

I, **Raul Ernesto Aguilar,** state the following:

      That the Unclaimed Funds deposited to the court registry in the amount of **$3,216.11** for Lasalle Bank National Association by the trustee of my bankruptcy case in the United States Bankruptcy Court of The Southern District of Florida, righfully and legally belong to me in accordance with the Bankruptcy Code, Administrative Order 05-6, and Local Rule 1017-2(f). I paid this money to the court and my case was dismissed on March 12, 2009 (See attached Court order). I have not previously received the above-mentioned funds from the court or from Lasalle Bank national Association.

_____
Raul Ernesto Aguilar (Affiant)

SWORN AND SUBSCRIBED before me this 25th day of JUNE, 2009.

_____
Notary Public

Jairo Camargo
COMMISSION # DD719652
EXPIRES: NOV. 04, 2011
WWW.AARONNOTARY.com

# LIMITED POWER OF ATTORNEY
(For one transaction only)

I, **RAUL E. AGUILAR**, do hereby grant to **ADAMS & COHEN**, my sole true and lawful attorney-in-fact for me and my name, place and stead, giving unto my attorney-in-fact full power to do and perform, on an exclusive basis, all and every act not constituting the practice of law that I may legally do through an attorney-in-fact, for the following **limited purpose only and for no other:**

To reclaim, recover, and return unclaimed funds in the amount of $**3,216.11**.

**This Limited Power of Attorney is specifically limited to the collection and disbursement of the above named funds and not valid for any other purpose. It shall expire upon completion of this collection.** I authorize the use of a photocopy of this Power of Attorney, in lieu of the original.

I do hereby certify that the foregoing is true and correct.

_Raul [signature]_
Signature

================================================================

## NOTARY ACKNOWLEDGMENT

State of **FLORIDA**

SUBSCRIBED AND SWORN on the **25th** day of **JUNE**, 2009 before me, personally appeared **RAUL E. AGUILAR**, personally known to me or proved to me on the basis of satisfactory evidence (see identification below) to be the person whose name is subscribed to within instrument and acknowledgment to me, that they executed the same in their authorized capacity, and that by their signature on the instrument the person or their entity upon behalf of which the person acted executed the instrument.

**Identification for the above named was Drivers License (or other identification):** **FL DL**

WITNESS my hand and official seal,

Signature _____
Notary Public                                My commission expires:

Jairo Camargo
COMMISSION # DD719652
EXPIRES: NOV. 04, 2011
WWW.AARONNOTARY.com

S
FJM*
1-3

10/15

237,062.04

FORECLOSURE ③

IN THE CIRCUIT COURT FOR MIAMI-DADE
COUNTY, FLORIDA. CIVIL DIVISION

CASE NO. 08-32965-CA-30
UCN: 132008CA032965XXXXXX

LASALLE BANK, N.A. AS TRUSTEE FOR
THE MLMI TRUST SERIES 2007-HE1,

      Plaintiff,
vs.

RAUL E. AGUILAR; ROSA GARCIA; STATE
OF FLORIDA; UNKNOWN TENANT NO. 1;
UNKNOWN TENANT NO. 2; and ALL
UNKNOWN PARTIES CLAIMING
INTERESTS BY, THROUGH, UNDER OR
AGAINST A NAMED DEFENDANT TO THIS
ACTION, OR HAVING OR CLAIMING TO
HAVE ANY RIGHT, TITLE OR INTEREST IN
THE PROPERTY HEREIN DESCRIBED,

      Defendants.
_____/

FILED
AUG 21 2008
CLERK CIRCUIT COURT

## FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order No. 06-02 A1)

THIS ACTION was heard before the Court on Plaintiff's Motion for Summary Final Judgment on August 21, 2008. On the evidence presented IT IS ADJUDGED that:

1. The Plaintiff's Motion for Summary Judgment is GRANTED. Service of process has been duly and regularly obtained over RAUL E. AGUILAR, ROSA GARCIA, STATE OF FLORIDA, UNKNOWN TENANT NO. 1 NKA CLEMENTE RUIZ, , defendants.

2. There is due and owing to the Plaintiff the following:

| | |
|---|---:|
| Principal due on the note secured by the mortgage foreclosed: | $ 224,122.97 |
| Interest on the note and mortgage from January 1, 2008 to July 8, 2008 | $ 8,181.72 |
| Per diem interest at 7.05% from July 9, 2008 to August 21, 2008 | $ 1,904.76 |
|     LateCharges | $ 378.80 |
|     Title search expenses | $ 350.00 |
|     Insurance premiums | $ 1,537.52 |
| Court Costs: | |
|     Filing fee | $ 263.00 |
|     Service of Process | $ 270.00 |
| SUBTOTAL | $ 237,008.77 |

| | | |
|---|---|---|
| Additional Costs: | | |
| Corporate Searches | $ | 23.00 |
| Returned Check Charges | $ | 25.00 |
| Speedpay Charge | $ | 5.00 |
| Escrow Advance Interest | $ | 135.63 |
| Property Inspections | $ | 30.00 |
| Valuations | $ | 100.00 |
| | | |
| SUBTOTAL | $ | 237,327.40 |
| | | |
| Attorney fees based upon contract | $ | 1,200.00 |
| Less: Undisbursed escrow funds | $ | (0) |
| Less: Suspense Balance | $ | (1,465.36) |
| | | |
| GRAND TOTAL | $ | <u>237,062.04</u> |

3. The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. Plaintiff, whose address is c/o Smith, Hiatt & Diaz, P.A., PO BOX 11438, Fort Lauderdale, FL 33339-1438, holds a lien for the grand total sum specified in Paragraph 2 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The plaintiff's lien encumbers the subject property located in Miami-Dade County, Florida and described as:

LOTS 4 AND 5, MINONA GARDENS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 18, PAGE 56, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

Property Address: 1851 NW 32ND AVENUE, MIAMI, FL 33125



5. If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on __10 15__, 2008, at 11:00 A.M. to the highest bidder for cash, except as prescribed in Paragraph 6, at Room 908, 140 West Flagler Street, Miami, Florida after having first given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale in the absence of the plaintiff or its representative.

6. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

7. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items

paid, plus interest at the rate prescribed in Paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this Court.

8. On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

9. On filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

10. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 11 hours were reasonably expended by plaintiff's counsel and that an hourly rate of $125.00 is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED IT'S CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

11. IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

12. IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

13. IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, OF MIAMI-DADE COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

14. IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE COUNTY LEGAL AID OFFICE OF LEGAL SERVICES OF GREATER MIAMI, INC., 3000 BISCAYNE BOULEVARD, SUITE 500, MIAMI, FL 33137-4129, PHONE: (305) 576-0080 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT MIAMI-DADE COUNTY AID SERVICES FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

15. **If, subsequent to the date of the Plaintiff's Affidavit of Indebtedness and prior to the sale contemplated in paragraph 5 hereof, the Plaintiff has to advance money to protect its**

mortgage lien, including but not limited to post judgment advances for property taxes and insurance, property preservation costs, post judgment attorney's fees and costs and post judgment bankruptcy fees and costs, the Plaintiff or its Attorneys shall certify by affidavit to the Clerk and the amount due to Plaintiff as shown in paragraph 2 above shall be increased by the amount of such advances for purposes of calculating Plaintiff's credit bid and redemption amount, without further order of the Court.

16. The Plaintiff may assign the Judgment or the bid to a third party without further order of the Court. If the Plaintiff or Plaintiff's assignee is the purchaser at the sale, the Clerk shall credit on the bid of the Plaintiff or Plaintiff's assignee the total sum herein found to be due the Plaintiff pursuant to paragraphs 2 and 15 above, or such portion thereof as may be necessary to pay fully the bid of the Plaintiff or Plaintiff's assignee.

17. If the United States of America is a Defendant in this action, they shall have the right of redemption provided by 28 U.S.C. §2410(c) from the issuance of a Certificate of Title, but the right shall thereafter expire.

18. Any claim of a Defendant Homeowners Association, as defined under Florida Statute §720.301, are hereby foreclosed, and any successful purchaser of the property at foreclosure sale shall be governed by Florida Statute §720.3085(1) only, and shall not be jointly and severally liable with the previous owner of the property.

19. The original promissory note having been presented and delivered to the Court, Count I of Plaintiff's Complaint is hereby deemed moot.

20. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

**ORDERED** at Miami, Florida, on  AUG 2 1 2008 , 2008.

_____
Circuit Judge
Rodriguez for: Ivan F. Fernandez
Circuit Court Judge

Tanya D. Simpson, Esquire
SMITH, HIATT & DIAZ, P.A.
Attorneys for Plaintiff
PO BOX 11438
Fort Lauderdale, FL 33339-1438
Telephone: (954) 564-0071

Copies furnished to all parties on the attached service list

6029-51116

## SERVICE LIST
Case No. 08-32965-CA-30
UCN: 132008CA032965XXXXXX

RAUL E. AGUILAR
1851 NW 32ND AVENUE
MIAMI, FL 33125

UNKNOWN TENANT NO. 1
NKA CLEMENTE RUIZ
1851 NW 32ND AVENUE
MIAMI, FL 33125

ROSA GARCIA
12904 BANYAN ROAD
MIAMI, FL 33181

STATE OF FLORIDA
Attorney General
The Capitol PL-01
Tallahassee, FL 32399 ~



**Clerk of Courts**
11th Judicial Circuit of Florida
Miami-Dade County

## Civil / Probate Justice System Docket Information

**LASALLE BANK (NA) vs AGUILAR, RAUL E**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

**Case Number (LOCAL):** 2008-32965-CA-01  **Filing Date:** 6/6/2008
**Case Number (STATE):** 13-2008-CA-032965-0000-01  **Dockets Retrieved:** 33
**Judicial Section:** 30

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 06/24/09 | | TEXT | SALE DATE 11-05-2009 |
| 06/18/09 | | TEXT | PD $50.00 RECPT #14/5256 BAR #59200 |
| 06/18/09 | | TEXT | PD$50.00 RCPT#14/5254 BAR#888888 |
| 06/17/09 | | MOTION TO RESET SALES DATE | |
| 06/17/09 | | ORDER: | ORDER RESCHEDULING SALE TO 11/5/2009 |
| 12/22/08 | | ANSWER | ATTORNEY:88888888 DN03 |
| 10/02/08 | 26600 / 2285 Pages: 1 | RECORDED DOCUMENT | BK:26600 PG:2285 SUGGESTION OF BANKRUPTCY-RAUL E AGUILAR |
| 09/29/08 | | TEXT | SALE-10-15-2008,CANCEL BY SUGG OF BKC-08-24189-AJC |
| 09/26/08 | | NOTICE OF SALE | |
| 09/25/08 | | NOTICE OF DEFAULT NOT ENTERED | DN02 DN03 I,J(FINAL JUDGMENT) |
| 08/21/08 | | CERTIFICATE OF MAILING FINAL JUDGMENT | |
| 08/21/08 | 26552 / 3104 Pages: 5 | FINAL JUDGMENT | J $ 237062.04 BK:26552 PG:3104 DN01 DN02 DN03 |
| 08/21/08 | | NOTICE OF FILING: | ORIGINAL NOTE AND MORTGAGE |
| 08/21/08 | | TEXT | SALE DATE 10-15-2008 |
| 08/08/08 | | ORDER: | ON COURT DEFAULT ON UNKN TNT#1 |
| 07/29/08 | | SERVICE RETURNED | BADGE # 1623 P 06/12/2008 DN02 |
| 07/29/08 | | SERVICE RETURNED | BADGE # 8888 P 06/12/2008 DN01 |
| 07/29/08 | | SERVICE RETURNED | BADGE # 8888 P 06/13/2008 DN03 |
| 07/29/08 | | TEXT | SUMMONS RTN ON UNK TENANT 1-SVD 6/12/08 |
| 07/29/08 | | TEXT | SUMMONS RTN ON UNK TENANT 2-NO SVC |
| 07/25/08 | | AFFIDAVIT AS TO ATTORNEY FEES | |
| 07/25/08 | | AFFIDAVIT OF INDEBTEDNESS | |
| 07/25/08 | | AFFIDAVIT OF: | ATTORNEY FEES & COSTS |
| 07/25/08 | | MOTION FOR DEFAULT | |
| 07/25/08 | | MOTION FOR SUMMARY JUDGMENT | (FINAL) & ATTORNEY FEES |
| 07/25/08 | | NON-MILITARY AFFIDAVIT | |
| 07/25/08 | 26514 / 4595 Pages: 1 | RECORDED DOCUMENT | BK:26514 PG:4595 NOTI OF DROPPING PARTY, UNK. TENANT NO.2 |
| 06/26/08 | | ANSWER | ATTORNEY:88888888 DN01 LETTER TO COURT 6/26/08 |
| 06/23/08 | | NOTICE OF HEARING- | MOTIONS 08/21/2008 09:30 AM |
| 06/12/08 | 26425 / 4809 Pages: 1 | LIS PENDENS | BK:26425 PG:4809 |
| 06/06/08 | | CIVIL COVER | |
| 06/06/08 | | COMPLAINT | |
| 06/06/08 | | SUMMONS ISSUED | DN01 DN02 DN03 |

CGFD43 (9/19/08)



ORDERED in the Southern District of Florida on March 12, 2009

A. Jay Cristol
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

Case Number: 08-24189-AJC
Chapter: 13

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Raul Ernesto Aguilar
1851 NW 32 Ave
Miami, FL 33125

SSN: xxx-xx-1213

# ORDER DENYING CONFIRMATION AND DISMISSING CHAPTER 13 CASE

This case came before the court on **for confirmation of a proposed chapter 13 plan. Based on the record, it is**

**ORDERED as follows:**

1. Confirmation of the proposed chapter 13 plan is denied.

2. This case is dismissed with prejudice as to the filing of any bankruptcy case in any federal bankruptcy court in the United States of America by the above-named debtor earlier than 180 days from entry of this order.

*Page 1 of 2*

3. All pending motions are denied as moot.

4. The trustee shall file a final report prior to the administrative closing of the case.

5. (If applicable) the debtor shall immediately pay to the Clerk, U.S. Court, $ **0.00** for the balance of the filing fee as required by Local Rule 1017-2(E). Any funds remaining with the trustee shall be applied to this balance and the trustee must dispose of any funds in accordance with the Bankruptcy Code, and Local Rule 1017-2(F), unless otherwise ordered by the court. The court will not entertain a motion for reconsideration of this order unless all unpaid fees are paid at the time the motion is filed.

6. A motion to rehear, reconsider, or vacate this order dismissing case must be filed in accordance with the requirements of Local Rule 9013-1(E).

7. In accordance with Local Rule 1002-1(B), the clerk of court is directed to refuse to accept for filing any future voluntary petitions submitted by this debtor if the refiling violates a prior order of the court or if the petition is accompanied by an Application to Pay Filing Fee in Installments and filing fees remain due from any previous case filed by the debtor.

The clerk shall serve a copy of this order on all parties of record.

# # #

*Page 2 of 2*